■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of BEAUX ARTS PROPERTIES Co., Respondent, v SHIMON LEVY, Individually and Doing Business as RAMADA SHALOM JERUSALEM, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 17, 1991, which denied defendant Levy's motion to vacate the note of issue, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of permitting defendant Levy to conduct depositions within 30 days after the date of this order and, except as so modified, affirmed, without costs.

Plaintiff, as subrogee of its insured, Beaux Arts Properties Company, commenced this action in January 1989 to recover

for fire damage sustained by an apartment leased to defendant Levy and occupied by defendant Bright. Levy served his answer on March 13, 1989, including a demand for a verified bill of particulars and notice to take deposition upon oral examination. About one year later, plaintiff served defendant Levy with a bill of particulars verified on March 19, 1990. Over one year thereafter, plaintiff served defendant with a note of issue and certificate of readiness for trial dated April 19, 1991. Defendant, by notice of motion dated April 25, 1991, sought to vacate the note of issue. Supreme Court denied the application, concluding that defendant's failure to take any action to obtain the deposition for two years following service of the demand constituted a waiver which justified plaintiff's placement of the action on the trial calendar.

Upon this appeal, defendant Levy argues that plaintiff's delay in furnishing a bill of particulars precluded "conducting an effective deposition of the plaintiff for at least one year. In the year following service of plaintiff's bill of particulars there was no activity on the part of plaintiff in pursuing this matter, such that it appeared that the plaintiff had abandoned its action." Plaintiff has submitted no appellate brief, relying on the record on appeal.

While, as defendant asserts, the rules of practice reflect a liberal philosophy favoring full disclosure, indifference to the efficient prosecution of actions is contrary to the statutory intent "to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (CPLR 104). It is apparent that both sides have been inattentive to this matter and we therefore grant limited relief. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.